Putnam J.
delivered the opinion of the Court. The first question to be considered is, whether there was a good consideration for the note. It would be sufficient if there were gain to the promisor or damage to the promisee.[1] But in the case at bar both concur. ' By the arrangement, the promisor procured a discontinuance of an attachment upon the estate which he claimed, whereby his title was confirmed, and the promisee thereby gave up his security. We think, therefore, there was a sufficient consideration.
The note was given upon a condition which the defendant failed to perform. The jury so found the fact, upon the evidence which was submitted to them upon the trial. There is no objection to the plaintiff’s recovery on that ground. It was to be delivered to the party who performed ; and the party <vho failed to perform the condition became answerable for the non-performance.
The question remaining to be considered regards the amount which the plaintiff is entitled to recover. If, as his counsel contends, the amount of the note was the damages liquidated by the parties, then the whole sum, with interest, should be the measure of damages. If the notes, which were given by each to the other, were in the nature of a penalty for the non-performance of the agreement of submission, then the rule of damages should be the real injury sustained by the plaintiff. And upon consideration, we all think the latter is the correct view of the transaction. The defendant assumed the liability of Knapp to the plaintiff. The amount of the claim was to be *546 ascertained by the arbitrators mutually agreed upon by the parties. But the defendant prevented the decision or arbitration. He should therefore be held to put the plaintiff in as good a situation as if his claim against Knapp had been ascertained by the arbitrators. The measure of damages would have been the amount of the award of the arbitrators. The loss of the debt due from Knapp to the plaintiff is the injury which he has sustained by giving up his attachment.
We all think that the judge should have permitted the defendant to prove, either that nothing was due from Knapp to the plaintiff, in which case nothing should be recovered ; or that a sum, less than that expressed in the note, was due, in which case that sum should be recovered.[2]
A new trial must therefore be granted.

 See 1 Metcalf & Perkins’s Dig 99 tit £greement. art. II. (1).

 See Harrington v. Stratton, 22 Pick. 530; Dyer v. Homerf 22 Pick. 253.